IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Violation No. F4206842 |
| vs. | Violation No. F4295536 |
| RAHMEIN A. NAZIFI and<br>BLAKE L. NYMAN, | |
| Defendants. | ORDER |

These matters were on calendar on July 13, 2010, for a hearing on defendants' violation notices following defendants' failure to timely appear in this court on their originally scheduled hearing date, April 13, 2010. The issue, as initially argued before the court, was whether the court may issue a warrant for a defendant's failure to appear when a notice to appear is returned by the post office and whether a violation notice or citation is adequate notice of court proceedings. At the request of the undersigned, the government and federal defender's office filed briefing on these issues following the April 13, 2010 calendar.

Defendant Nazifi is charged with possession of marijuana in violation of 21 U.S.C. § 844(a). Defendant Nyman is charged with failure to have an off-highway vehicle registration, a violation of 16 U.S.C. § 551, 36 C.F.R. § 261.15(i). Both offenses are classified as petty offenses.

1

1    The original charging documents in both cases are United States District Court
Violation Notices ("Violation Notice(s)").  Defendant Nyman's Violation Notice gave him the
option of paying a specified forfeiture amount, $175, or appearing in court.  Defendant Nazifi's
Violation Notice required that he appear in court.  He did not receive the option to pay a
forfeiture amount in lieu of appearance.  Each of the Violation Notices is supported by a
statement of probable cause, executed under penalty of perjury by the citing officer.

   The Court's Central Violations Bureau ("CVB") sent separate notices to appear in
court to each defendant for the aforementioned April 13 court date[1] on the address recited on the
respective citation, but the appearance notice as to each defendant was returned by the post office
as undeliverable.  Following defendants' failure to appear, the government requested that this
court issue bench warrants against each defendant.

   The federal defender objected, noting that neither defendant had received
adequate notice of the scheduled court appearance.  The government countered that because the
back of the Violation Notice states that a person should contact CVB to receive a court date if he
did not receive a notice of court appearance within 45 days of the citation date, that the court
should find that each defendant had sufficient notice of the proceedings against him.[2]

   The Violation Notice provides that the recipient is charged with a specific
violation, and that he must appear in court and/or pay a permitted forfeiture amount.  (Gov't Brf.
Ex. A.)  It further states that defendant, upon signature of the violation, "signifies that I have
received a copy of this violation notice," and that he "promise[s] to appear for the hearing at the
time and place instructed or pay the total collateral due."  (Id.)  The instructions on the reverse of
the Violation Notice state in pertinent part as follows:

---

[1] The Violation Notices themselves did not set forth a specific court appearance date.

[2] Interestingly, although the original notice to defendant Nazifi was returned by the post office as undeliverable, the issue of the court's authority to issue a bench warrant for defendant Nazifi's failure to appear became moot because he appeared for the July 13, 2010 calendar.

> If BOX A is checked on the face of this Violation Notice, YOU MUST APPEAR IN COURT at the date, time and place shown. If no court date, time and place are shown then you will be notified by mail of when and where to appear. <u>You must notify the Central Violations Bureau (CVB) in writing of any change in the address listed on this Violation Notice</u>. If you have not received a "Notice to Appear" within 45 days, call the Central Violations Bureau at 1-800-827-2982.
>
> If BOX B is checked on the face of this Violation Notice, YOU MUST DO ONE OF THE FOLLOWING:
>
> [pay the collateral amount due] or
>
> APPEAR IN COURT. If the officer has written on the face of this Violation Notice a date, time and place for a court appearance, you must appear in court at that time. If no court date, time and place is shown, this information will be provided to you by mail. <u>You must notify CVB in writing, of any change in the address listed on this Violation Notice</u>. If you have not received a "Notice to Appear" within 45 days, call the Central Violations Bureau at 800-827-2982.
>
> If you do not pay the total collateral due amount, and you fail to appear in court at the date and time scheduled for you, the United States District Court may issue a summons ordering your appearance or issue a warrant for your arrest . . . .

(Gov't Ex. A (emphasis in original)).

Each defendant signed his respective citation, upon personal receipt, in the "promise to appear" portion of the Violation Notice. The specific instructions provided in the Violation Notice provided adequate notice of a defendant's responsibility to establish an appearance date and to notify the court of any address differing from that on the front of the citation. A notice to appear in court is mailed to a defendant at the address set forth on the Violation Notice. If defendant moves, it is his obligation to notify CVB of his changed address. Similarly, if a notice to appear is returned as undeliverable because the address on the Violation Notice is incorrect, it is defendant's obligation to contact CVB to ascertain his court date. When a defendant fails to appear following the establishment of a court date, this court has the authority to issue a bench warrant.

As both parties concede, both defendants herein are charged with petty offenses which are governed by Federal Rule of Criminal Procedure 58. <u>United States v. LeHouillier</u>,

935 F. Supp. 1146, 1148 (D. Colo. 1996); Fed. R. Crim. P. 58(a)(1) ("these rules apply in petty offense and other misdemeanor cases").  A petty offense prosecution may proceed on citation or violation notice, which often may be satisfied by the payment of a fixed sum in lieu of appearance.  Fed. R. Crim. P. 58(b)(1), (d)(1).  "A citation or violation notice is the functional equivalent of an indictment or an information."  U.S. v. McClure, 362 F. Supp. 2d 1183, 1185 (E.D. Cal. 2005) (recognizing also that Violation Notices must cite to the statute that the defendant is charged with violating).

Federal Rule of Criminal Procedure 58 further provides:

> (d)(2) Notice to Appear.  If the defendant fails to pay a fixed sum, request a hearing, or appear in response to a citation or violation notice, the district clerk or a magistrate judge may issue a notice for the defendant to appear before the court on a date certain.  The notice may give the defendant an additional opportunity to pay a fixed sum in lieu of appearance.  The district clerk must serve the notice on the defendant by mailing a copy to the defendant's last known address.
>
> (d)(3) Summons or Warrant.  Upon an indictment, or upon a showing by one of the other charging documents specified in Rule 58(b)(1)[3] of probable cause to believe that an offense has been committed and that the defendant has committed it, the court may issue an arrest warrant or, if no warrant is requested by an attorney for the government, a summons.  The showing of probable cause must be made under oath or under penalty of perjury, but the affiant need not appear before the court.  If the defendant fails to appear before the court in response to a summons, the court may summarily issue a warrant for the defendant's arrest.

Fed. R. Crim. Proc. 58(d).

Here, the Violation Notice, or charging document, was supported by a probable cause statement, and hence the court may immediately issue an arrest warrant.[4]  Accordingly, the

---

[3]  Rule 58(b)(1) provides that the trial of a misdemeanor may proceed on an indictment, information or complaint.  It further states that the trial of a petty offense may also proceed on a citation or violation notice.

[4]  Alternatively, instead of issuing a warrant upon a probable cause showing under section (d)(2), the court could, if requested by the government, issue a summons for defendant.  Then, if the defendant fails to appear before the court in response to the summons, the court may summarily issue a warrant for the defendant's arrest.

undersigned need not address herein what may occur if a notice to defendant is returned as undeliverable and the underlying violation notice is not supported by probable cause.

Ultimately, where a violation notice includes a statement of probable cause, the fact that a notice to appear was returned from the post office as undeliverable becomes immaterial – the court retains the authority to issue a warrant. A petty offense prosecution may proceed based upon the initial citation or Violation Notice itself, which provides adequate notice of court proceedings. When a defendant fails to appear, the court may issue a warrant on the government's request after ascertaining that the citation is supported by a statement of probable cause. The record before the court in these cases shows compliance with Rule 58.

IT IS SO ORDERED.

DATED: July 16, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

KJN:pas